IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARRELL YOUNG,<br><br>        *Plaintiff,*<br><br>  v.<br><br>IGNACIO MERCADO, JR., et al.,<br><br>        *Defendants.* | CIVIL ACTION<br>NO. 22-2112 |

**PAPPERT, J.**                                                                                                             July 28, 2023

### MEMORANDUM

      Darrell Young sued Ignacio Mercado and Midwestern Services alleging Mercado, while working for Midwestern as a truck driver, backed into Young's vehicle at the Extended Stay America hotel in Philadelphia. Mercado and Young filed a third-party complaint against the hotel's management company, ESA Management, alleging that Mercado was forced to reverse because of a malfunctioning gate. ESA, in turn, filed the fourth-party complaint at issue here seeking common-law and contract indemnity from the gate's manufacturer and servicer, Finite Reimaging. Finite moves to dismiss the fourth-party complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim or, in the alternative, 12(b)(3) for improper venue given the forum selection clause in the Master Contract between the parties. (Mot. 4; ECF 31-5 at § 14.21.)

      When venue is otherwise proper under 28 U.S.C. § 1391, forum-selection clauses are enforced through a motion to transfer, not Fed. R. Civ. P. 12(b)(3). *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas,* 571 U.S. 49, 55 (2013); *see* § 1391(b)(2) (allowing a case to be brought in the "judicial district in which a substantial part of the events . . . giving rise to the claim occurred."). A forum selection

clause alone cannot render other venues "wrong" or "improper" under § 1391, so it cannot be enforced through a 12(b)(3) motion. *See Atlantic Marine, 751 U.S.* at 55. Instead, litigants should use a 28 U.S.C. § 1404(a) motion to seek transfer to another federal court or a *forum non conveniens* motion to seek transfer to a state or foreign court.[1] *Atlantic Marine*, 571 U.S. 49, 59–61.

Federal law controls the question of whether to enforce a forum selection clause. *In re McGraw-Hill Education Holdings*, *LLC*, 909 F.3d 48, 57 (3d Cir. 2018). Such clauses are *prima facie* valid and should be enforced unless enforcement would be unreasonable under the circumstances. *Silvis v. Ambit Energy, L.P.*, 90 F. Supp. 3d 393, 397 (E.D. Pa. 2015) (citing *Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1219 (3d Cir. 1991)). When considering transfer in light of a forum selection clause, Courts conduct a modified *Jumara* analysis that weighs only the public interest factors; as a practical matter, "in all but the most unusual cases," the interest of justice is served by holding parties to their bargain. *In re McGraw Hill,* 909 F.3d at 57 (citing *Atlantic Marine*, 909 F.3d at 66). State law determines whether the claims and parties involved in the suit are subject to the forum selection clause. *Id.* at 58 (citing *Collins v. Mary Kaye, Inc.,* 874 F.3d 176 at 181, 183–85 (3d Cir. 2017)).

While the Court reserves its formal analysis until a transfer motion is properly before it, as a preliminary matter both of ESA's claims appear to be subject to the

---

[1] In its Motion, Finite argues that the case should be transferred to the District Court for the District of Mecklenburg County. (Mot. 4.) The parties' forum selection clause broadly agrees to resolve disputes "in Mecklenburg County, North Carolina," making its limitation geographical in nature. (Master Contract § 14.21.) Under North Carolina law, forum selection clauses imposing geographical limitations "permit the case to be filed in any court . . . located within the contractually described geographical boundary," whether state or federal. *Bartels by and through Bartels v. Saber Healthcare Group, LLC*, 880 F.3d 668, 676 (4th Cir. 2018). The Charlotte Division of the District Court for the Western District of North Carolina sits in Mecklenburg County.

clause.  The contract-based indemnity claims "aris[e] out of" the agreement, and North Carolina courts have routinely held that forum selection clauses apply "not only to contract claims but also to contract-related tort claims."  (Master Contract § 14.21); *Waycaster Tire Serv., Inc. v. United Cmty. Bank*, No. 22-cv-269, 2023 WL 2672825, at *2 (W.D.N.C. Mar. 28, 2023) (collecting cases).  ESA has not pleaded a special relationship or other duty warranting common-law indemnification beyond the master contract, and "[p]leading alternate non-contractual theories is not alone enough to avoid a forum selection clause if the claims asserted arise out of the contractual relation and implicate the contract's terms."  *Id.* (citing *Belfiore v. Summit Fed. Credit Union*, 452 F. Supp. 2d 629, 632 (D. Md. 2006).

Finite is given leave to file a § 1404(a) motion or *forum non conveniens* motion seeking a transfer consistent with the accompanying Order.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.